UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:06-CR-5-F2
No. 4:13-CV-29-F

| | | |
|---|---|---|
| ANTONIO AUGUSTUS BOONE,  Petitioner, | ) ) ) | |
| v. | ) ) | O R D E R |
| UNITED STATES OF AMERICA,  Respondent. | ) ) ) | |

This matter is before the court on the Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 [DE-100]. Boone submits that he was sentenced in excess of the maximum allowed by the United States Sentencing Guidelines and the Fair Sentencing Act of 2010. Boone also asserts ineffective assistance of counsel. For the reasons explained below, the Government's motion to dismiss [DE-109] the petition is ALLOWED.

Under the Antiterrorism and Effective Death Penalty Act of 1996, the statute of limitations on Boone's motion was one year from the latest of:

> (1) the date on which the judgment of conviction became final.
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action.
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Boone appealed his conviction and the Fourth Circuit dismissed the appeal on April 9, 2008. Boone's conviction therefore became final when he failed to timely

petition the United States Supreme Court for a petition of certiorari by August 8, 2008. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). Therefore, under subsection f(1), Boone had until August 6, 2009 to file the instant petition. Boone filed the petition on February 1, 2013, well beyond the one-year statute of limitations. Although Boone does not claim that his motion is timely under subsections f(2) through f(4), the court has independently reviewed his claims and the record in this case and those provisions do not apply to Boone's claims.

Boone maintains that the court should toll the statute of limitations because Boone has a fifth grade education and he is not trained in the law. That is not a basis for tolling the statute of limitations. *See United States v. Sosa*, 364 F.3d 507, 512-13 (4th Cir. 2013).

Moreover, even assuming the petition was timely, it fails on the merits. Boone argues the court improperly calculated his criminal history category for purposes of establishing his sentencing guideline range because he never spent more than a year in prison for any of his prior convictions. Boone's criminal history category was not calculated on the basis of whether or not his convictions were felonies or misdemeanors. Boone's criminal history category is based on the points (if any) assigned to each of his past convictions under U.S.S.G. § 4A1.1. Section 4A1.1 assigns criminal history points based on the length of a defendant's particular custodial sentence for each offense, not the conviction's classification as a felony or misdemeanor. *Id.* Thus, it is simply irrelevant that Boone has never spent more than a year in prison for purposes of calculating his particular criminal history category. Furthermore, he was not sentenced in excess of the maximum prescribed by statute. The Fair Sentencing Act was enacted in 2010 and Boone was sentenced prior to the date of enactment. Thus, Boone's sentence was within the statutory

2

maximum applicable to his case. Finally, Boone's ineffective assistance of counsel claim is wholly without merit.

## CONCLUSION

For the reasons detailed herein, Boone's § 2255 Motion to Vacate, Set Aside or Correct his Sentence [DE-100] is DENIED and the petition is DISMISSED. The Government's motion to dismiss [DE-109] is ALLOWED. Boone's motion to appoint counsel [DE-103] is DENIED. The Clerk of Court is DIRECTED to close this case.

## CERTIFICATE OF APPEALABILITY

Having denied Boone's § 2255 petition, the court must determine if he has made a sufficient showing to entitle him to a Certificate of Appealability pursuant to § 2253(c). Section 2253(c) provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Boone has not met the standard for issuance of a certificate of appealability. Therefore, a certificate of appealability also is DENIED.

SO ORDERED.

This the 21st day of July, 2014.

JAMES C. FOX
Senior United States District Judge